**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PLUSH LOUNGE LAS VEGAS LLC,

Plaintiff - Appellant,

v.

HOTSPUR RESORTS NEVADA INC.,

Defendant - Appellee.

No. 08-56953

D.C. No. 2:06-cv-02626-GW-JTL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 5, 2010
Pasadena, California

Before: GOULD, IKUTA and N.R. SMITH, Circuit Judges.

Plush Lounge Las Vegas, LLC appeals the district court's grant of summary

judgment to Hotspur Resorts Nevada, Inc. on Plush's antitrust action under Section

2 of the Sherman Act, 15 U.S.C. § 2. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plush argues that the district court erred in granting Hotspur summary judgment on Plush's Sherman Act claim.  At summary judgment, an antitrust plaintiff asserting a claim under Sherman Act Section 2 must submit admissible evidence of the relevant product and geographic market that would be sufficient to sustain a jury verdict on the issue of market definition.  *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1435 (9th Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *see also* Fed. R. Civ. P. 56(e).  Absent such evidence, summary judgment is appropriate.  *Rebel Oil*, 51 F.3d at 1435.

Plush submitted the declarations of Roland Katavic and Jerrold S. Pressman in support of a proposed market definition of "cocktails and hors d'oeuvres in an entertainment atmosphere within the [Hotspur] Resort."  The district court ruled that neither Katavic nor Pressman qualified as an expert under Federal Rule of Evidence 702 and struck the portions of each declaration that purported to define the relevant market.  We review the district court's decision to exclude expert testimony for an abuse of discretion.  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  A district court abuses its discretion when it applies an incorrect legal standard, or when it applies the correct legal standard but does so in a manner that is illogical, implausible, or without support in the record.  *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

2

The district court did not abuse its discretion in striking large portions of the Katavic and Pressman declarations. Neither declarant provided adequate foundational information about what training—whether in the classroom or on the job—gave rise to their ability to define a market for antitrust purposes. The declarants' reference to their business experience, without more, was insufficient. The declarations presented legal conclusions without underlying factual support, and therefore constitute "unsupported speculation." *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). Finally, neither declarant provided an explanation of the methodology used to arrive at the proposed market definition. *See Kumho Tire*, 526 U.S. at 151. Given these deficiencies, it was not illogical for the district court to determine that the declarations fell short of the reliability and relevancy requirements for the admissibility of expert testimony under Rule 702. *See id.* at 152. The district court did not abuse its discretion in sustaining Hotspur's objections to the portions of the Katavic and Pressman declarations that purported to define the relevant market.

With large portions of the Katavic and Pressman declarations stricken, Plush had insufficient evidence to sustain a jury verdict on its proposed market definition. The applicable market definition is not an opinion based on Katavic's or Pressman's sensory perception, so, contrary to Plush's argument, the district

3

court could not have admitted their market definitions as lay opinions. *See* Fed. R. Evid. 701(a); *United States v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (explaining that an admissible lay opinion must be predicated on facts perceived with the witness's own senses). Outside of the Katavic and Pressman declarations, Plush's only evidence of market definition was a citation to two statements made by Hotspur's managers during their depositions. In these statements Mr. Roberts stated "yes" when asked whether there was a market within the resort and a larger market outside the resort, and Mr. Roughley stated that 75–85% of hotel guests and conventioneers use the resort's food and beverage services. Neither statement, however, refers to the relevant product market, so even if the statements were admissible at trial they would be insufficient to sustain a jury verdict on the issue of market definition.[1]

**AFFIRMED.**

---

[1] Because we resolve this appeal on the basis of affirming the evidentiary rulings and our view of the lack of admissible evidence on relevant product market, we need not and do not reach other issues of antitrust law raised by the parties and urged to be pertinent to the summary judgment.